**Jonathan Daniel RUSHING, Appellant,**

v.

**The STATE of Texas.**

**No. 1790–01.**

Court of Criminal Appeals of Texas.

Sept. 11, 2002.

John M. Hurley, Waco, for appellant.

James Wiley, Assist. DA, Waco, Matthew Paul, State's Attorney, Austin, for state.

### OPINION

KELLER, P.J., delivered the opinion of the Court, in which PRICE, WOMACK, HERVEY, HOLCOMB, and COCHRAN, JJ. joined.

We granted the State's petition to determine whether the Court of Appeals erred

ties will defeat the community caretaking exception even in cases of mixed motives).

in declaring Texas Code of Criminal Procedure, Article 4.18 unconstitutional as a violation of the Separation of Powers provision of the Texas Constitution. We hold that the statute is constitutional.

## A. Background

Appellant was convicted of capital murder. Because he was under the age of seventeen when the offense was committed, the State was statutorily prohibited from seeking the death penalty,[1] and appellant was sentenced to life in prison. On appeal, he complained that the convicting court lacked jurisdiction because the record did not reflect that a juvenile court had waived jurisdiction and certified him to be tried as an adult.[2] However, because Article 4.18 purports to bar this type of claim unless it is timely raised before the convicting court—and appellant had failed to do so—appellant complained on appeal that Article 4.18 was an unconstitutional violation of the Separation of Powers provision of the Texas Constitution.

The State responded that Article 4.18 was constitutional and barred appellant's complaint. However, the State also responded by supplementing the appellate record. As it turns out, the juvenile court *had* waived jurisdiction, and the record in the criminal case simply failed to reflect that fact at the time of conviction, because the transfer order had not been filed in the criminal case and no one had otherwise referred to it. Nevertheless, the trial judge was undoubtedly aware of the transfer order because he presided over both the juvenile proceedings and the criminal trial. In keeping with our holding in *Ellis v. State*, the State caused records from the juvenile cause to be transferred to the adult criminal case (after appeal was filed) "in order that the true facts might be shown and the record speak the truth." [3] Appellant objected to the supplementation of the appellate record, but the Court of Appeals overruled his objection.

In its opinion, the Court of Appeals first addressed whether Article 4.18 prevented review of appellant's jurisdictional claim.[4] Invalidating the statute under the Texas Separation of Powers provision, the court held that appellate courts have inherent power to review jurisdictional errors regardless of whether error has been preserved. As a result, the statute could not bar presentation of the claim on appeal. The Court of Appeals then reviewed the merits of the jurisdictional claim. Relying upon *Ellis*, the Court of Appeals held that the record, as supplemented, showed that the juvenile court had indeed waived jurisdiction and transferred the case to adult criminal court.

Appellant filed a petition for discretionary review, complaining, among other things, that supplementation of the appellate record with records from the juvenile proceeding was improper. The State filed a cross-petition, complaining that the Court of Appeals erred in ruling Article 4.18 unconstitutional. We granted the State's petition to address the constitutional issue.

## B. Analysis

■ The Separation of Powers portion of the Texas Constitution provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate

---

1. TEX. PEN. CODE § 8.07(c).

2. *See* § 8.07(b).

3. 543 S.W.2d 135, 137 (Tex.Crim.App.1976).

4. *Rushing v. State*, 50 S.W.3d 715, 721 (Tex. App.-Waco 2001).

body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.[5]

This provision may be violated in either of two ways: (1) "when one branch of government assumes, or is delegated, to whatever degree, a power that is more properly attached to another branch," and (2) "when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers." [6]

■ The statute in question places limitations upon the courts' ability to review certain types of claims.[7] The question presented is whether the Legislature, by creating these limitations, has assumed a power more properly attached to the judicial branch or has unduly interfered with the judicial branch's exercise of its constitutionally assigned powers. The watershed case of error-preservation is *Marin v. State*.[8] *Marin* addressed two issues relevant to our discussion: (1) the nature of the right to appeal, and (2) the nature of error preservation. *Marin* repeated the well-settled proposition that the right to appeal is not of constitutional magnitude, but is derived entirely from statute.[9] *Marin* further stated that the ability to confer or withhold jurisdiction in its entirety also entailed the ability to place limits upon that jurisdiction: "And that which the

---

5. TEX. CONST., Art. II, § 1

6. *State v. Williams*, 938 S.W.2d 456, 458 (Tex. Crim.App.1997); *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex.Crim.App. 1990).

7. Article 4.18 provides in relevant part:

(a) A claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court could not waive jurisdiction under Section 8.07(a), Penal Code, or did not waive jurisdiction under Section 8.07(b), Penal Code, must be made by written motion in bar of prosecution filed with the court in which criminal charges against the person are filed.
(b) The motion must be filed and presented to the presiding judge of the court:
(1) if the defendant enters a plea of guilty or no contest, before the plea;
(2) if the defendant's guilt or punishment is tried or determined by a jury, before selection of the jury begins; or
(3) if the defendant's guilt is tried by the court, before the first witness is sworn.
(c) Unless the motion is not contested, the presiding judge shall promptly conduct a hearing without a jury and rule on the motion. The party making the motion has the burden of establishing by a preponderance of the evidence those facts necessary for the motion to prevail.
(d) A person may not contest the jurisdiction of the court on the ground that the juvenile court has exclusive jurisdiction if:
(1) the person does not file a motion within the time requirements of this article; or
(2) the presiding judge finds under Subsection (c) that a motion made under this article does not prevail.

8. 851 S.W.2d 275 (Tex.Crim.App.1993); *see Saldano v. State*, 70 S.W.3d 873, 888 (Tex.Crim.App.2002)(characterizing *Marin* as "a watershed decision in the law of error-preservation").

9. *Marin*, 851 S.W.2d at 278; *see also Galitz v. State*, 617 S.W.2d 949, 951 (Tex.Crim.App. 1981); *Ex Parte Paprskar*, 573 S.W.2d 525, 528 (Tex.Crim.App.1978); *Savage v. State*, 155 Tex.Crim. 576, 237 S.W.2d 315, 317 (1950); TEX. CONST., Art. V, § 6 ("Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, *under such restrictions and regulations as may be prescribed by law* " (emphasis added)).

Legislature may withhold altogether, it may withhold in part. Thus our lawmakers may deny the right to appeal entirely or the right to appeal only some things or the right to appeal all things only under some circumstances." [10]

The fact that the right to appeal is legislatively conferred has a direct bearing on the application of Article 4.18 in the appeal context. The Legislature could have denied entirely any right to appeal the absence of a juvenile court waiver of jurisdiction. It therefore follows that the Legislature could, instead of denying an appeal in its entirety, place limitations upon the ability to raise this type of claim on appeal. But Article 4.18 goes beyond simply prescribing a limitation on the right to appeal. The statute prevents a claim from being raised in *any* context if the statute's preservation requirements are not met. If a written objection is not timely filed before trial, the trial judge is deprived of the ability to decide the claim. Likewise, a failure to comply with Article 4.18's requirements would prevent consideration of the claim on habeas corpus. Nevertheless, the fact that the statute might be unconstitutional in other contexts does not make it unconstitutional as applied to appeals. The Legislature has the power to place limitations upon the right to appeal, and to the extent that Article 4.18 constitutes such a limitation, it falls squarely within the Legislature's power to enact.

However, *Marin's* discussion of the nature of error preservation persuades us that Article 4.18 does not violate the Separation of Powers provision in any respect.

We recognized that Rules of Appellate Procedure, and former Rule 52(a) in particular, could not trump legislatively fashioned rules of error preservation. [11] Although Rule 52(a) stated in general terms that an objection is required to preserve error, we held that the rule did not control where the statute involved, Texas Code of Criminal Procedure, Article 1.051(e), specified that the error was waivable only, as the defendant could waive the ten-day preparation rule only by giving consent in writing or on the record in open court. [12] We also recognized that Rule 52(a) was designed to reaffirm, not to amend or repeal, basic principles of adversary litigation. [13] These basic principles include the division of procedural requirements into the three *Marin* categories: (1) forfeitable rights, (2) waivable-only rights, and (3) absolute requirements and prohibitions. [14] While we did not state expressly that the *Legislature* could amend or repeal "basic principles of adversary litigation" as it relates to error-preservation, the opinion implicitly suggests that it can-at least for procedural requirements that it creates. The ten-day preparation rule, although not *inherently* the kind of right "so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection," [15] was created and given waivable-only status by legislative command. [16] Similarly, the Legislature could amend the traditional method for treating jurisdictional error to require an objection to preserve a particular kind of jurisdictional claim of legislative creation. It is the Legislature, after all, that established the juvenile court system, and ultimately it is up to

---

10. *Marin,* 851 S.W.2d at 278.

11. *Id.* at 278–280.

12. *Id.* at 280.

13. *Id.*

14. *Id.* at 278–280.

15. *See Id.* at 278.

16. *Id.* at 280

that body to determine what procedures guide the movement of cases from that system to the adult criminal court system. Article 4.18 does not violate the Separation of Powers Clause of the Texas Constitution.

The judgment of the Court of Appeals is affirmed.

MEYERS, JOHNSON and KEASLER, JJ. concurred in the result.