In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00241-CR
______________________________


ROBERT LEE TAYLOR, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. CR94-040


                                                 



Before Morriss, C.J., Carter and Cornelius,* JJ.
Memorandum Opinion by Chief Justice Morriss

_______________________________________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

            Robert Lee Taylor has filed a notice of appeal from an order of the 4th Judicial District Court
of Rusk County, Texas, denying his motion to vacate his 1994 conviction. The motion essentially
seeks to attack the statute under which he was convicted. In his motion, Taylor takes the position
that the Texas Penal Code is not enforceable because it is published by West Publishing Company
rather than by an officially accredited arm of the State of Texas. 
            The first question we address is whether we have jurisdiction. As a general rule, an appellate
court may consider direct appeals by criminal defendants only after conviction. See Ex parte
Shumake, 953 S.W.2d 842, 844 (Tex. App.‒Austin 1997, no pet.). The rules provide that a
defendant must file his notice of appeal "within 30 days after the day sentence is imposed or
suspended in open court, or after the day the trial court enters an appealable order . . . ." Tex.
R. App. P. 26.2(a) (emphasis added).
            The right to appeal is conferred by the Legislature. See Rushing v. State, 85 S.W.3d 283, 286
(Tex. Crim. App. 2002). A party may appeal only that which the Legislature has authorized. See
Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993); Galitz v. State, 617 S.W.2d 949, 951
(Tex. Crim. App. 1981) (op. on reh'g). The notice of appeal is not from a judgment of conviction. 
We have reviewed the order at bar and can find no authority that it is appealable.



            We have no jurisdiction over the appeal and therefore dismiss it.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          November 17, 2003
Date Decided:             November 18, 2003

Do Not Publish