In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00247-CR
______________________________


WOODROW WILSON WILLIAMS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. D-102-CR-93-605


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Woodrow Wilson Williams has filed a notice of appeal from an order of the 102nd Judicial
District Court of Bowie County, Texas. Williams had asked the trial court to order the preparation
of a court reporter's record from his trial, which took place in February 1994. No appeal was filed. 
However, since his conviction became final, Williams has made two separate attempts to obtain an
out-of-time appeal, which were treated as petitions for post-conviction writs of habeas corpus. The
Texas Court of Criminal Appeals denied both petitions without written order, denying the second
motion as a subsequent petition on August 20, 1999.


 
            Since that time, Williams filed a request in 2001 for a free record, which the trial court denied
on January 9, 2002. Williams promptly filed yet another request, which was denied on May 10,
2002. Williams then filed a "Motion to Produce [sic] Costs," which the trial court denied on May 19,
2003. Williams filed a notice of appeal from that order on October 13, 2003.
            Assuming this is an appealable order, the trial court ruled on the order on May 19. A notice
of appeal must be filed within thirty days after the day the trial court enters an appealable order. Tex.
R. App. P. 26.2(a)(1). This notice of appeal was filed on October 13 and was thus not timely. In
such a situation, our jurisdiction has not been invoked, and we must dismiss the appeal for want of
jurisdiction. 
            We point out that, in criminal cases, the right to appeal is conferred by the Legislature. See
Rushing v. State, 85 S.W.3d 283, 286 (Tex. Crim. App. 2002). A party may appeal only that which
the Legislature has authorized. See Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993),
overruled on other grounds, Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997); Galitz v. State,
617 S.W.2d 949, 951 (Tex. Crim. App. 1981). Appellate jurisdiction is invoked by giving timely
and proper notice of appeal. State v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000), overruled
on other grounds, Bayless v. State, 91 S.W.3d 801 (Tex. Crim. App. 2002). Even though an indigent
criminal defendant has a constitutional right to a free appellate record in a first appeal of right, see
Griffin v. Illinois, 351 U.S. 12, 18-19 (1956); Abdnor v. State, 712 S.W.2d 136, 139 (Tex. Crim.
App. 1986), certain procedures must be timely exercised in order to obtain that record. Texas Rule
of Appellate Procedure 20.2 provides the procedures an indigent appellant must follow to obtain the
record. See Tex. R. App. P. 20.2.



            Under those procedures, within the time for perfecting the appeal, an appellant who is unable
to pay for the appellate record may, by motion and affidavit, ask the trial court to have the appellate
record furnished without charge. If after hearing the motion, the trial court finds the appellant cannot
pay or give security for the appellate record, the court must order the reporter to transcribe the
proceedings without charge to the appellant. Tex. R. App. P. 20.2; Scott v. State, 80 S.W.3d 184,
190 (Tex. App.‒Waco 2002, pet. ref'd). In this case, the record reflects that none of those requests
were timely. Thus, the requirement to provide a free record could not be invoked in this context.
            We dismiss the appeal for want of jurisdiction.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          November 18, 2003
Date Decided:             November 19, 2003

Do Not Publish