IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00308-CR

No.
10-02-00309-CR

No.
10-02-00310-CR

 

Raymond Edward Olivas,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court Nos. 29252F-272, 29311F-272 and 29308F-272

 



DISSENTING Opinion



 

      A
majority of this Court has previously found unassigned error.  E.g.,
Hailey v. State, 50 S.W.3d 636 (Tex. App.—Waco 2001), rev’d, 87 S.W.3d 118 (Tex. Crim. App. 2002); In re B.L.D., 56 S.W.3d 203 (Tex. App.—Waco 2001) (per curiam), rev’d, 113 S.W.3d 340 (Tex. 2003). 
The Court has been reversed.  E.g., Hailey v. State, 87 S.W.3d 118,
121-22 (Tex. Crim. App. 2002), cert.
denied, 538 U.S. 1060 (2003); In re B.L.D., 113 S.W.3d 340, 350-51 (Tex. 2003), cert.
denied sub nom. Dossey v. Tex. Dep’t
of Protective & Reg. Servs., 124
S. Ct. 1674 (2004). 
There is virtually no such thing as unassigned error.  Id.  There is
none to be addressed here.

      A
majority of this Court has previously found fundamental error.  E.g.,
Rushing v. State, 50 S.W.3d 715, 722-25 (Tex. App.—Waco 2001), aff’d on other grounds, 85 S.W.3d 283,
284-87 (Tex. Crim. App. 2002); B.L.D., 56
S.W.3d at 214-15; In re J.F.C., 57
S.W.3d 66, 74 (Tex. App.—Waco 2001), rev’d,
96 S.W.3d 256 (Tex. 2002). 
The Court has been reversed and been held to have erred.  E.g.,
Rushing v. State, 85 S.W.3d 283, 284-87 (Tex. Crim. App. 2002); B.L.D., 113 S.W.3d at 350-51; In
re J.F.C., 96 S.W.3d 256, 272-74, 277-79 (Tex. 2002). 
There is almost no such thing as fundamental error.  Mendez
v. State, 138 S.W.3d 334, 340-42 (Tex. Crim. App. 2004); Saldano v. State, 70 S.W.3d 873, 887-89 (Tex. Crim. App. 2002); Paulson v. State, 28 S.W.3d 570, 573
(Tex. Crim. App. 2000) (reasonable doubt instruction not absolute systemic
requirement).  There is no fundamental
error in the charge without egregious harm.  
Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985) (op. on reh’g). 
There is no fundamental error here. 


      The
majority again finds unassigned and fundamental error here.  I dissent.

TOM GRAY

Chief Justice

Dissenting opinion delivered and filed November
 10, 2004

Publish