IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00149-CR

 

Jeffrey Alan Lamey,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2007-845-C1

 



MEMORANDUM  Opinion










 

        Lamey attempts to appeal the
trial court’s adjudication of Lamey’s guilt after the court granted Lamey
deferred-adjudication community supervision for aggravated sexual assault.  See
Tex. Penal Code Ann.
§ 22.021(a) (Vernon Supp. 2007); Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2007).

        Under the law in effect at the
time of the trial court’s determination to adjudicate Lamey’s guilt, “No appeal
may be taken from this determination.”  Act of May 29, 1995, 74th Leg., R.S.,
ch. 318, § 53, sec. (b), 1995 Tex. Gen. Laws 2734, 2750 (amended 2007)
(current version at Tex. Code Crim.
Proc. Ann. art. § 42.12, § 5(b) (Vernon Supp. 2007)).  That
“language means that ‘the courts of appeals do not have jurisdiction to
consider claims relating to the trial court’s determination to proceed with an
adjudication of guilt on the original charge.’”  Davis v. State, 195
S.W.3d 708, 710 (Tex. Crim. App. 2006) (quoting Hogans v. State, 176
S.W.3d 829, 832 (Tex. Crim. App. 2005)); accord Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992); see Ex parte Hernandez, 705 S.W.2d
700, 702 n.4 (Tex. Crim. App. 1986).  “Thus, if an appeal raises a claim of
purported error in the adjudication of guilt determination, a court of appeals
should dismiss that claim without reaching the merits.”  Hogans at 832.

        Lamey’s issues both concern
only the trial court’s determination to adjudicate Lamey’s guilt.  Lamey’s
first issue is that his “right to due process was violated, where the decision
to adjudicate was based on” certain conduct.  (Br. at iii, 2.)  Lamey’s second
issue is that the trial court “abused its discretion in adjudicating
appellant’s guilt.”  (Id. at iii, 6.)

        Former Section 5(b) bars our
consideration of Lamey’s issues.[1]  We dismiss Lamey’s issues.  

        Having
dismissed Lamey’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

        (Justice Vance concurs in the judgment)

Affirmed

Opinion delivered and filed January 23, 2008

Do not publish

[CR25]









                [1] In Lamey’s issues, he
argues that former Article 42.12, Section 5(b), does not deprive this Court of
jurisdiction over his attempted appeal.  In Lamey’s first issue, he argues that
former Section 5(b) does not bar appeals of deprivations of due process of
law.  Former Section 5(b), however, does bar even jurisdictional complaints.  Davis, 195 S.W.3d at 710.  

                In Lamey’s second issue, he argues that the
application of former Section 5(b) deprives him of due process of law and the
equal protection of law.  He argues that we should instead apply the current
version of Article 42.12, Section 5(b), which provides that the determination
to adjudicate guilt “is reviewable in the same manner as a revocation hearing
conducted under Section 21 of this article in a case in which an adjudication
of guilt had not been deferred.”  Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b); see id. § 21
(Vernon Supp. 2007).  The date of the hearing on the motion to adjudicate
Lamey’s guilt determines whether we have jurisdiction over Lamey’s attempted
appeal under Section 5(b).  The act amending Section 5(b) provides, “Subsection
(b), Section 5, Article 42.12, Code of Criminal Procedure, as amended by this
Act, applies to a hearing conducted under that section on or after the
effective date of this Act, regardless of when the adjudication of guilt was
originally deferred or when the offense giving rise to the grant of deferred
adjudication community supervision was committed.”  Act of May 28, 2007, 80th
Leg., R.S., ch. 1308, § 53, 2007 Tex. Sess. Law Serv. 4404, 4421 (Vernon).  The act took effect on June 15, 2007.  Id. § 68, 2007 Tex. Sess. Law Serv. at 4422-23; 2007 Tex. Sess. Law Serv. at 4423.  Lamey’s hearing took
place on April 25, 2007.  Because the hearing took place before the effective
date of the amendment, we lack jurisdiction over Lamey’s attempted appeal. 
Such statutory changes in procedural law generally do not implicate due
process.  See, e.g., Ex parte Maddox, No. 05-00-01065-CR, 2000 Tex. App.
LEXIS 7324, at *3-*4 (Tex. App.—Dallas Oct. 31, 2000, pet. ref’d) (not designated
for publication) (eligibility for appeal bond); see also, e.g., Bolden v. State,
No. 06-07-00136-CR, 2008 Tex. App. LEXIS 57, at *2-*3 (Tex. App.—Texarkana Jan.
4, 2008, no pet. h.) (not designated for publication) (mem. op.); Garner v.
State, Nos. 13-06-513-CR & 13-06-514-CR, 2007 Tex. App. LEXIS 7189, at
*3-*4 & nn. (Tex. App.—Corpus Christi Aug. 30, 2007, no pet.) (not
designated for publication) (mem. op.).  As to equal protection, moreover,
Lamey was treated the same as those similarly situated defendants, whose
hearings took place before the effective date of the amendment.  See, e.g.,
Sonnier v. State, 913 S.W.2d 511, 520-21 (Tex. Crim. App. 1995).








 247.5pt 3.75in 292.5pt 315.0pt 337.5pt 5.0in 382.5pt 405.0pt 427.5pt 6.25in'>      A
majority of this Court has previously found unassigned error.  E.g.,
Hailey v. State, 50 S.W.3d 636 (Tex. App.—Waco 2001), rev’d, 87 S.W.3d 118 (Tex. Crim. App. 2002); In re B.L.D., 56 S.W.3d 203 (Tex. App.—Waco 2001) (per curiam), rev’d, 113 S.W.3d 340 (Tex. 2003). 
The Court has been reversed.  E.g., Hailey v. State, 87 S.W.3d 118,
121-22 (Tex. Crim. App. 2002), cert.
denied, 538 U.S. 1060 (2003); In re B.L.D., 113 S.W.3d 340, 350-51 (Tex. 2003), cert.
denied sub nom. Dossey v. Tex. Dep’t
of Protective & Reg. Servs., 124
S. Ct. 1674 (2004). 
There is virtually no such thing as unassigned error.  Id.  There is
none to be addressed here.

      A
majority of this Court has previously found fundamental error.  E.g.,
Rushing v. State, 50 S.W.3d 715, 722-25 (Tex. App.—Waco 2001), aff’d on other grounds, 85 S.W.3d 283,
284-87 (Tex. Crim. App. 2002); B.L.D., 56
S.W.3d at 214-15; In re J.F.C., 57
S.W.3d 66, 74 (Tex. App.—Waco 2001), rev’d,
96 S.W.3d 256 (Tex. 2002). 
The Court has been reversed and been held to have erred.  E.g.,
Rushing v. State, 85 S.W.3d 283, 284-87 (Tex. Crim. App. 2002); B.L.D., 113 S.W.3d at 350-51; In
re J.F.C., 96 S.W.3d 256, 272-74, 277-79 (Tex. 2002). 
There is almost no such thing as fundamental error.  Mendez
v. State, 138 S.W.3d 334, 340-42 (Tex. Crim. App. 2004); Saldano v. State, 70 S.W.3d 873, 887-89 (Tex. Crim. App. 2002); Paulson v. State, 28 S.W.3d 570, 573
(Tex. Crim. App. 2000) (reasonable doubt instruction not absolute systemic
requirement).  There is no fundamental
error in the charge without egregious harm.  
Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985) (op. on reh’g). 
There is no fundamental error here. 


      The
majority again finds unassigned and fundamental error here.  I dissent.

TOM GRAY

Chief Justice

Dissenting opinion delivered and filed November
 10, 2004

Publish