# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-08-00415-CR

---

**Kenneth Wayne Thomas, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
NOS. 3795, 3799, 3825, & 3852, HONORABLE CURT F. STEIB, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Kenneth Wayne Thomas has filed a notice of appeal.  Although he did not specify what order he is appealing from, the circumstances presented in the trial court record indicate that he is appealing from the trial court's denial of his Petition for Disclosure of Information and Recordings from the grand jury proceeding arising from his 1990 arrest and giving rise to his indictment and subsequent conviction.

Thomas seeks relief under the following statute governing grand jury secrecy:

(d)  The defendant may petition a court to order the disclosure of information otherwise made secret by this article or the disclosure of a recording or typewritten transcription under Article 20.012 as a matter preliminary to or in connection with a judicial proceeding.  The court may order disclosure of the information, recording, or transcription on a showing by the defendant of a particularized need.

(e)  A petition for disclosure under Subsection (d) must be filed in the district court in which the case is pending . . . .

Tex. Code Crim. Proc. Ann. art. 20.02 (West Supp. 2008). The trial court found that Thomas did not make the required showing of particularized need.

It is not clear that the trial court had jurisdiction to consider the issue. The petition "must be filed in the district court in which the case is pending." *Id.* However, the case the grand jury was considering is not pending. The record in this appeal indicates that the grand jury proceedings for which disclosure is sought led to a conviction well more than a decade ago.[1]

Moreover, there is no showing that there is a right to appeal this determination as a separate issue. Courts of appeals have appellate jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." Tex. Const. art V, § 6(b). The right to appeal is derived entirely from statute. *Rushing v. State*, 85 S.W.3d 283, 285 (Tex. Crim. App. 2002). While the denial of the petition for disclosure might be challenged as part of the appeal of the criminal case resulting from the grand jury proceeding sought, there is no showing that the statute authorizes the separate appeal of the denial of the petition long after the conviction in the criminal case from which it arises became final. *See* Tex. Code Crim. Proc. Ann. art. 20.02.

Finally, we note that Thomas did not obtain from the trial court a certification that he has a right to appeal. *See* Tex. R. App. P. 25.2(a)(2).

---

[1] The record discloses that Thomas was arrested in 1990, and by September 1991 had filed his first application for writ of habeas corpus based on the ineffectiveness of the assistance of his counsel. Documents in the record indicate a subsequent series of habeas petitions, including one that prompted the Court of Criminal Appeals to cite Thomas "for abuse of the writ of habeas corpus on November 2, 2005."

The statute authorizing the petition for disclosure does not authorize the petition as a self-contained proceeding long after conviction and does not authorize a stand-alone appeal from the denial of the petition. In addition, there is no certification that Thomas has a right to appeal this decision. Consequently, we dismiss this appeal for want of jurisdiction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Dismissed for Want of Jurisdiction

Filed:   August 29, 2008

Do Not Publish