

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0026-18

---

### ANTONIO R. FLORES, Appellant

### v.

### THE STATE OF TEXAS

---

### CONCURRENCE TO REFUSAL TO GRANT
### STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

---

**KELLER, P.J., filed a concurring opinion.**

Appellant moved to quash the indictment on the ground that it did not sufficiently specify

the act or acts relied upon to constitute recklessness in compliance with Article 21.15.[1] The trial

court denied the motion, and Appellant was ultimately convicted. On appeal, the court of appeals

---

[1] TEX. CODE CRIM. PROC. art. 21.15 ("Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.").

concluded that Appellant was correct that the indictment failed to comply with Article 21.15, but the court of appeals also concluded that Appellant was not harmed and affirmed the conviction.[2] Both parties have filed petitions for discretionary review: Appellant contends that the court of appeals erred to find that he was not harmed, while the State contends that the court of appeals erred to find a violation of Article 21.15.

I agree with the Court's decision to refuse review of Appellant's petition and need not comment on that any further. I write separately to explain why I agree with the decision to refuse the State's petition even though the State raises an issue that might, under other circumstances, justify granting review.

The State prevailed in this case. Generally, a party suffers no cognizable injury from an adverse legal pronouncement when the party prevails, and it has been said that, in the absence of a cognizable injury, a higher court's opinion on the legal pronouncement would be an advisory opinion.[3] We have said that this Court and the courts of appeals are without authority to render advisory opinions.[4] It is generally accurate that, when the State prevails in the court of appeals and is not in danger of having its victory disturbed by this Court, the State has suffered no injury.

We sometimes grant a petition when the State is the prevailing party if we also grant the

---

[2] *Flores v. State*, 536 S.W.3d 560 (Tex. App.—San Antonio 2017).

[3] *See P.R. Tel. Co. v. Telecomms. Regulatory Bd. of P.R.*, 665 F.3d 309, 325 (1st Cir. 2011) ("As a general rule, '[a] party may not appeal from a judgment or decree in his favor,'" but "under some circumstances, a prevailing party may appeal a court's determination on a legal question if that determination could affect the party's rights in the future.") (quoting from and citing *Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939)).

[4] *Armstrong v. State*, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991).

appellant's petition.[5] This does not violate the rule against advisory opinions because granting the appellant's petition could jeopardize the State's victory at the court of appeals. But to grant only the State's petition when it prevailed at trial and in the court of appeals would ordinarily be setting the stage for rendering an advisory opinion.

I am aware of only one case that defies this rule against advisory opinions. In *Rushing v. State*, the court of appeals had held that the statute was unconstitutional in that it violated the Texas Constitution.[6] The State nevertheless prevailed in the court of appeals and both parties filed petitions for discretionary review.[7] We granted only the State's petition.[8] *Rushing* seems to indicate that what makes an opinion "advisory" might be somewhat nuanced, and I believe that issue deserves further consideration, but it has not been addressed by the parties in this case.

At any rate, the court of appeals in this case, in a published opinion, construed the meaning of a statute in a way that is adverse to the State. But because the court of appeals found the alleged statutory violation to be harmless, and the State prevailed, the conclusion that there was a statutory violation was *dictum*. The court could have assumed a statutory violation for the sake of argument and the result would have been the same.[9] The court of appeals's conclusion that there was a

---

[5] *See e.g. Huffman v. State*, 267 S.W.3d 902, 905 (Tex. Crim. App. 2008) (State complained that court of appeals found a unanimity violation, defendant complained that court of appeals found the violation to be harmless).

[6] *See Rushing v. State*, 85 S.W.3d 283, 283-84 (Tex. Crim. App. 2002).

[7] *Id.* at 284.

[8] *Id.*

[9] *See Metts v. State*, 510 S.W.3d 1, 8 n.12 (Tex. Crim. App. 2016) (when court of appeals simply assumed for the sake of argument that error did not need to be preserved and then rejected the appellant's contention on the merits, there was no adverse ruling for the State to complain about in a cross-petition); *Morales v. State*, 357 S.W.3d 1, 8 (Tex. Crim. App. 2011) ("The court of appeals

statutory violation was not necessary to the resolution of the case, and consequently, does not constitute binding precedent,[10] though it may be looked at for persuasive value.

For these reasons, I join the Court's decision to refuse the State's petition for discretionary review.

Filed: June 27, 2018

Publish

---

has some flexibility in proceeding, so long as it does not proceed in a manner inconsistent with holdings set out above. It may address singly, or in combination, any error or harm issue(s) that would logically dispose of the case.").

[10] *See Baumgart v. State*, 512 S.W.3d 335, 342 (Tex. Crim. App. 2017) (statement about particular statute codifying the common law was *dictum*, being not necessary to the resolution of the case, because this Court held that the statute was inapplicable to the defendant's case due to the operation of a different statute).