

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0026-18

### ANTONIO FLORES, Appellant

### v.

### THE STATE OF TEXAS

### DISSENT TO REFUSAL TO GRANT
### STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

YEARY, J., filed a dissenting opinion.

### DISSENTING OPINION

A concurring opinion to the refusal of this petition for discretionary review suggests

that granting the State's petition in a case such as this, in which the State prevailed in the

court of appeals, "would ordinarily be setting the stage for rendering an advisory opinion."

Concurring Opinion at 3. It argues that "a party suffers no cognizable injury from an adverse

legal pronouncement when the party prevails," and that, "in the absence of a cognizable

injury, a higher court's opinion on the legal pronouncement would be an advisory opinion."

*Id*. at 2.

I do not contest the claim that our state courts may not ordinarily issue pure, unabashed advisory opinions. *Armstrong v. State*, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991). The Texas Constitution specifically provides for the separation of powers with very clear language:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art. II, § 1. Our Constitution further specifically delegates authority to the Attorney General to issue advisory opinions to "the Governor and other executive officers[.]" TEX. CONST. art. IV, § 22 ("The Attorney General shall . . . give legal advice in writing to the Governor and other executive officers, when requested by them, . . . .").

I observed recently that, "when the Constitution confers a particular power to one department, it is presumed to be an exclusive delegation, unless it is otherwise made express in the Constitution itself." *Vandyke v. State*, 538 S.W.3d 561, 584 (Tex. Crim. App. 2017) (Yeary, J., dissenting) (citing *Ferguson v. Wilcox*, 119 Tex. 280, 295, 28 S.W.2d 526, 533 (1930)). I also noted that "[a]ny attempt by one of the departments to exercise, or to unduly interfere with, a power assigned to another department is 'null and void.'" *Id*. (quoting *Ex parte Giles*, 502 S.W.2d 774, 780 (Tex. Crim. App. 1974); and also citing *State ex rel. Smith*

*v. Blackwell*, 500 S.W.2d 97, 101 (Tex. Crim. App. 1973)). And I observed that, "when one department actually exercises a power of another (as opposed to merely interfering), it violates separation of powers to do so '*to whatever degree.*'" *Id.* (quoting *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990)). And while the precedents I relied upon there make clear that any attempt by members of the Judicial Department to issue advisory opinions—of the kind delegated by the Constitution to the Attorney General—would violate the separation of powers provision in our Constitution, it is not at all clear to me that this Court is prohibited from issuing any opinion when it would serve to correct a "decision" by a court of appeals that this Court deems to be in clear error.

Moreover, I am not at all sure that, when a court of appeals declares evidence to have been inadmissible in a criminal trial, but then finds the error harmless, the Court of Criminal Appeals cannot, without violating the separation of powers clause in our Constitution, grant review of the decision of the court of appeals and address the propriety of the error determination itself. After all, it is the Texas Constitution itself that authorizes us to review "a decision of a Court of Appeals in a criminal case." TEX. CONST. art. V, § 5(b).

When provisions in the Constitution appear to conflict, it is incumbent upon us to harmonize and give effect to both provisions. As we said in *Ex parte Hart*, 56 S.W. 341 (Tex. Crim. App. 1900):

> Judge Cooley, in his work on Constitutional Limitations, in passing upon an apparent conflict in two provisions of the constitution, uses this language: "If different portions seem to conflict, courts must harmonize them, if practicable, and must lean in favor of a construction which would render every word

operative, rather than one which would make some words idle and nugatory. This rule is applicable with special force to written constitutions, in which the people will be presumed to have expressed themselves in careful and measured terms, corresponding with the immense importance of the powers delegated, leaving as little as possible to implication. It is scarcely conceivable that a case can arise where a court would be justified in declaring any portion of a written constitution nugatory because of ambiguity. One part may qualify another so as to restrict its operation, or apply it otherwise than the natural construction would require if it stood by itself; but one part is not to be allowed to defeat another, if by any reasonable construction the two can be made to stand together." Cooley, Const. Lim., p. 72.

*Id*. at 342. We might well conclude, if the issue were squarely presented, that in delegating the authority to this Court to review a decision of a court of appeals in a criminal case, in that limited circumstance, this Court has been authorized by the Constitution to pass on the propriety of such a decision, even when doing so might not change the outcome of the case because, for example, the petitioning party was the prevailing party in the court of appeals.

It is easy to imagine how an opinion resolving the question of our authority to grant discretionary review in a case like this one might be beneficial to the Judicial Department of our State. The concurring opinion has already pointed out that we have granted review of a case in these circumstances once before. Concurring Opinion at 3 (citing *Rushing v. State*, 85 S.W.3d 283 (Tex. Crim. App. 2002)). If we were to conclude that we are permitted to grant review in these circumstances, we would not have to wonder about the question any longer and could move on to correct what might be determined to be a patently incorrect decision by a court of appeals. In the absence of that authority, we would have to countenance—for who knows how long—the likelihood that an incorrect decision would be

used to persuade trial court judges to do the wrong thing in cases coming before them. An erroneous opinion from a court of appeals could dissuade a party even from attempting to use evidence that we might have unanimously declared to be admissible in all future trials, if only we had considered ourselves capable of reaching the issue.

I would be inclined to agree that, in cases where the courts of appeals have avoided deciding the merits of an issue at all—opting instead to affirm a conviction on the sole basis that, even if the complaint by the appellant about error in the trial court was well taken, the error was harmless—our Court should not grant review to consider the merits of the issue that was avoided by the lower court. Even this Court has been known to take that kind of a short cut to resolve a case before it. *See, e.g.*, *Owens v. State*, 473 S.W.3d 812, 816 n.3 (Tex. Crim. App. 2015) ("We do not address whether the trial court erred . . . because we conclude that, even if the judge erred, any error was harmless."). In such a case as that, there truly has been no "decision" by the court of appeals on the merits of the question to review. But where a court of appeals initially addresses the merits of an issue raised, and only then moves on to address the question of harm—and then declares the error it found to have been harmless and affirms the judgment on that basis—it is at least a little unsettling to me that we would consider ourselves bound to refuse review of the part of that decision that found error in the first instance merely because an argument could be made that the real basis for the lower court's decision was the harmlessness of the evidence. When a court does address the merits of an issue, and finds error to have occurred in a trial, and only then moves on to address

whether the error was harmful or not, it would seem odd to me to conclude that the court of appeals' decision concerning the existence of error was utterly superfluous to the ultimate disposition of case. It might be that, in such a case as that, we ought to consider whether, if the decision of the court concerning the error was indeed erroneous, it ought to have even reached the issue of harmless error review at all.

I agree with the concurring opinion that "the State raises issues [in this case] that might . . . justify granting review." Concurring Opinion at 2. But I do not agree that we should forgo review in this case merely because the State won in the court of appeals. Obviously, the question concerning our authority to review a case such as this one, presented by the State after it prevailed in the court of appeals only due to a contingent finding that, while error occurred at trial, it was harmless, is in need of some further consideration. I would not refuse discretionary review in this case outright. Instead, I would order the parties to brief the issues discussed here, and in the concurring opinion, and consider whether it might be prudent, in the end, to grant review on our own motion on this issue and on the issues already presented by the State as well.

Because the Court does not, I respectfully dissent.


FILED:            June 27, 2018
PUBLISH