

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00410-CV

---

IN THE MATTER OF I.V.

---

On Appeal from the County Court at Law No. 2
Hays County, Texas
Trial Court No. 5523, Honorable Christopher P. Johnson, Presiding

---

July 24, 2024

## MEMORANDUM OPINION[1]

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

IV appealed from a *Dispositional Order of Transfer to the Institutional Division of the Texas Department of Criminal Justice.* He challenges the order by contending: 1) the juvenile justice department violated his right to due process by requesting a transfer/release hearing; 2) the trial court abused its discretion by "unreasonably and arbitrarily transferring" appellant to the Texas Department of Criminal Justice Institutional Division; 3) the juvenile justice department (TJJD) violated the separation of powers

---

[1] Because this matter was transferred from the Third Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

doctrine by delegating its authority to the court; and 4) the trial court improperly admitted evidence in violation of his Sixth Amendment right of confrontation.[2] We affirm.

### Background

In May 2022, IV and the State of Texas entered an agreement under which he waived his rights to a jury trial and stipulated to engaging in delinquent conduct, i.e., capital murder.[3] The agreement included an acquiescence to commitment with the TJJD coupled with a possible transfer to the Texas Department of Criminal Justice for a term of 35 years.

Just days shy of IV's 19th birthday, a transfer/release hearing was held at the request of the TJJD. The court heard evidence, after which it issued its order transferring him to the Institutional Division of the Texas Department of Criminal Justice to serve the remainder of his 35-year sentence.

### Issue One—Due Process Rights

Through his first issue, IV argues the TJJD violated his due process rights when it requested a transfer/release hearing. Rather, he should have been released on parole per § 245.151 of the Texas Human Resources Code. *See* TEX. HUM. RES. CODE ANN. § 245.151. We overrule the issue.

We directed IV to inform us of the place in the record whereat he preserved this due process complaint. He responded. Our review of the record citations provided us uncovered no mention of a due process claim or the purported denial of due process.

---

[2] Despite being afforded multiple extensions of time to file an appellee's brief, the State favored us with none.

[3] The record shows IV was involved in a shooting. The crime was recorded and streamed live on social media.

Furthermore, claims of denied due process are subject to preservation in the trial court. *In re Ramsey*, No. 07-18-00181-CV, 2019 Tex. App. LEXIS 6528, at *8-9 (Tex. App.—Amarillo July 30, 2019, no pet.) (mem. op.). Since IV failed in that regard, the due process complaint he now urges was waived.

Yet, even assuming arguendo the matter was preserved, we would find the contention unmeritorious. Statute provides that after a juvenile sentenced to commitment under § 54.04(d)(3), 54.04(m), or 54.05(f) of the Family Code, (like IV) becomes 16 years of age but before tuning 19, the TJJD may refer him to the juvenile court that entered the order of commitment for approval of the juvenile's transfer to the Texas Department of Criminal Justice for confinement. Tex. Hum. Res. Code Ann. § 244.014(a). Being statutorily entitled to refer IV to the committing court to assess possible transfer, the TJJD did not violate any purported due process right of IV by forgoing parole.

### Issue Two—Abuse of Discretion in Transfer

Through his second issue, IV argues the trial court abused its discretion in transferring him to TDCJ because he completed all phases of treatment, excelled in therapy, advanced academically in both the high school and GED programs, completed the general socialization program with no behavior or discipline incidents, obtained employment and vocational training certification, and "did everything he was asked to do." Simply put, "the unchallenged evidence demonstrated that Appellant was not a threat to the community but had developed into an individual who had been rehabilitated and was on track to be a productive member of his community." We overrule the issue.

The decision to transfer a juvenile to the department of criminal justice is reviewed for abused discretion. *In re J.J.*, 276 S.W.3d 171, 178 (Tex. App.—Austin 2008, pet.

3

denied); *In re B.D.R.*, No. 04-23-00994-CV, 2024 Tex. App. LEXIS 3150, at *4 (Tex. App.—San Antonio May 8, 2024, no pet.) (mem. op.). In deciding whether the trial court abused its discretion, we review the entire record to determine if the court acted without reference to any guiding rules or principles. *In re J.J.,* 276 S.W.3d at 178. If "some evidence" exists to support the trial court's decision, there is no abuse of discretion. *Id.*; *see In re D. E. P.*, No. 03-21-00413-CV, 2022 Tex. App. LEXIS 6231, at *2-3 (Tex. App.— Austin Aug. 24, 2022, no pet.) (mem. op.) (noting same).

Next, in assessing whether to transfer a youth, the trial court may consider the following: 1) the experiences and character of the person before and after commitment to the TJJD or post-adjudication correctional facility, 2) the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, 3) the abilities of the person to contribute to society, 4) the protection of the victim or the victim's family, 5) the recommendations of the TJJD, county juvenile board, local juvenile probation department, and prosecuting attorney, 6) the best interests of the person, and 7) any other relevant factor. *See* TEX. FAM. CODE ANN. § 54.11(k). That said, we turn to the record at bar.

It included evidence of IV's satisfactory, if not commendable, performance at the juvenile facility. So too did the court have before it evidence such as: 1) the heinous nature of the crime and the actors' boasting of it; 2) IV's initial cavalier disregard for his life; 3) the short time he served in the TJJD; 4) the short time of his treatment (three months) and the resulting inability to show internalization of the treatment concepts; 5) his age, 6) the structured environment within the facility and how it assisted in his compliance and growth; 7) the potential lack of such a structured environment and strict

4

oversight if released; 8) IV's "vulnerability to the influence of negative peers"; 9) a recidivism rate approximating 40% for capital and violent offenders participating in the treatment programs in which IV participated; 10) IV's history of engaging in crime, which included obtaining guns from others or through burglarizing vehicles; 11) IV's need for acceptance by his peers; 12) his potential to "go back to feeling very frustrated, very emotional, depressed, anxious" depending on the presence of family problems; 13) the inability to determine if IV would be offered treatment programs as part of any parole; 14) IV's educational and intellectual issues; and 15) the inability of the TJJD to make a reasonably informed recommendation about IV and his future due to insufficient information. These were considerations of the trial court when deciding to transfer IV. The court believed he needed more time to continue improving. So, because "some evidence" exists to support the trial court's decision, it did not abuse its discretion in ordering his transfer to the adult prison system.

### Issue Three—Separation of Powers

Via his third issue, IV argues the juvenile department's waiving of its jurisdiction and requesting of a transfer/release hearing violated the Separation of Powers Clause of the Texas Constitution, *see* TEX. CONST. art. II, § 1, by unlawfully delegating its authority to parole youth from the department to the court. We overrule the issue.

IV failed to raise his separation of powers argument below. Such contentions are subject to the preservation requirements found in Texas Rule of Appellate Procedure 33.1, *Booth v. State*, Nos. 05-18-00679-CR, 05-18-00680-CR, 2019 Tex. App. LEXIS 4956, at *4-5 (Tex. App.—Dallas June 14, 2019, no pet.) (mem. op.); *Gamble v. State*, Nos. 02-13-00573-CR, 02-13-00574-CR, 2015 Tex. App. LEXIS 379, at *10-11 (Tex.

5

App.—Fort Worth Jan. 15, 2015, pet. ref'd) (per curiam) (mem. op.); *Boone v. State*, 60 S.W.3d 231, 236 (Tex. App.—Houston [14th Dist.] Aug. 23, 2001, pet. ref'd), save for when urged in conjunction with an attack upon the facial validity of a penal statute. *Gamble*, 2015 Tex. App. LEXIS 379, at *11. And, IV does not attack the facial validity of a statute in conjunction with his claim.

Moreover, his citation to *Rushing v. State*, 85 S.W.3d 283 (Tex. Crim. App. 2002) is of no benefit to him. There, the Court of Criminal Appeals dealt not with the topic of preserving a separation of powers claim. It dealt with whether the Separation of Powers clause in the Texas Constitution, TEX. CONST. art. II, § 1, was violated when the legislature required preservation when appealing certain rulings in juvenile cases. *Id*. at 285 (stating that "[t]he question presented is whether the Legislature, by creating these limitations, has assumed a power more properly attached to the judicial branch or has unduly interfered with the judicial branch's exercise of its constitutionally assigned powers").

### *Issue Four—Right of Confrontation*

Through his last issue, IV argues the trial court denied him his right to confront witnesses when admitting Instagram evidence. We resolve this by turning to authority from the Third Court of Appeals.

In *In re S. C.*, No. 03-06-00397-CV, 2008 Tex. App. LEXIS 4954 (Tex. App.—Austin July 3, 2008, pet. denied) (mem. op.), the panel cited with approval the holding of a sister court. *Id.* at *8. The sister court held, in *In re F.D.*, 245 S.W.3d 110 (Tex. App.—Dallas 2008, no pet.), that "a juvenile has no right of confrontation at a transfer hearing because it is dispositional rather than adjudicative in nature." *Id.* at 113; *accord In re S.C.*, 2008 Tex. App. LEXIS 4954 *8 (stating that "in *In re F.D.*, our sister court held that the

6

trial court's consideration of a psychological exam conducted for a transfer/release hearing when the psychologist did not appear for the hearing did not violate the juvenile's Sixth Amendment rights, noting that the transfer hearing 'is dispositional rather than adjudicative in nature'"). We read this as the Third Court itself holding that the right to confront witnesses found in the Sixth Amendment does not apply to juvenile transfer proceedings. So, we follow that precedent under Texas Rule of Appellate Procedure 41.3 as basis for overruling IV's fourth issue. *See In re J.S.*, No. 07-21-00035-CV, 2021 Tex. App. LEXIS 6611, at *6-7 (Tex. App—Amarillo. Aug. 11, 2021, pet. denied) (mem. op.) (holding the right to confront unavailable in a juvenile certification proceeding).

Having overruled each issue, we affirm the trial court's order of commitment.


Brian Quinn
Chief Justice

7