**Derrick A. STROWENJANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 818–96.**

Court of Criminal Appeals of Texas.

Aug. 28, 1996.

John R. Leigh, Duncanville, for appellant.

Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was charged with possession of cocaine. Appellant file a motion to suppress evidence, which the trial court denied. Appellant and the State agreed that in return for Appellant's guilty plea he would be assessed a $750 fine and would receive probation, with the trial court to determine whether it would be regular probation or deferred adjudication probation. The trial court deferred adjudication of guilt and placed Appellant on probation for five years and fined Appellant $750. Appellant filed a notice of appeal without specifying under Tex. R.App.P. 40(b)(1) that he was appealing the ruling on a pretrial motion or that the trial court gave him permission to appeal. On appeal, Appellant complained of the trial court's overruling the motion to suppress evidence. The Court of Appeals rejected the State's argument that Rule 40(b)(1) prohibited the Court of Appeals' consideration of Appellant's point of error. *Strowenjans v. State*, 919 S.W.2d 142, 145–46 (Tex.App.— Dallas 1996). The Court of Appeals set aside the trial court's order denying the motion to suppress, reversed the trial court's judgment, and remanded the case to the trial court. *Id.* at 148. The State filed a petition for discretionary review contending, "The Court of Appeals erred in holding that Appellant's immediate appeal from a plea bargain which resulted in deferred adjudication was not barred by Tex.R.App.P. 40(b)(1)."

When the Court of Appeals issued its opinion, it did not have the benefit of this Court's opinion in *Watson v. State*, 924 S.W.2d 711 (Tex.Cr.App.1996). We summarily grant the State's petition for discretionary review, set aside the Court of Appeals' judgment, and remand the case to that court for reconsideration in light of *Watson*.

BAIRD, J., dissents for the reasons stated in *Riley v. State*, 825 S.W.2d 699, 700–01 (Tex.Cr.App.1992)