NO. 07-12-0019-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 10, 2012

_____

ALEXANDER CLAY EYHORN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18,407-C; HONORABLE ANA ESTEVEZ, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Alexander Clay Eyhorn appeals from a final judgment adjudicating him guilty of aggravated sexual assault of a child. He was fifteen years old when he committed the crime but was not prosecuted until he was eighteen. Upon his arrest, he was remanded to the jurisdiction of the juvenile court. Per a motion filed by the State, the juvenile court transferred its jurisdiction over the proceeding and appellant to the district court. Thereafter, appellant entered a plea bargain wherein he pled guilty to the offense in exchange for being placed on deferred adjudication for ten years. No appeal was taken

from the order deferring his adjudiciation of guilt.  However, the State later moved for such an adjudication, which motion the court granted.  After being found guilty and sentenced to forty years in prison, appellant contests the juvenile court's decision to transfer jurisdiction over him and the cause to the district court.  We affirm.

The contentions before us involve the decision to transfer jurisdiction over appellant from the juvenile court to the district court.  First, the State allegedly failed to prove that it was not practicable to prosecute appellant as a juvenile despite its use of due diligence to do so, and because it failed in that regard, the district court allegedly acquired no jurisdiction over him.  Second, appellant suggests that the juvenile court abused its discretion in "certifying appellant as an adult" because of the tenuousness of the evidence underlying the decision; the expert's conclusions were unfounded and did not support the decision, according to appellant.  We overrule each for the following reasons.

No complaint was made of either matter until now.  This is of import since 1) claims regarding the want of jurisdiction in juvenile proceedings "must be made by written motion in bar of prosecution filed with the court in which criminal charges against the person are filed," TEX. CODE CRIM. PROC. ANN. art. 4.18(a) (West 2005), while 2) other claims (non-jurisdictional in nature) of "defect or error in a discretionary transfer proceeding in juvenile court . . ." may be appealed "only as provided by Article 44.47." *Id.* art. 4.18(g).  Here, there was no written motion questioning jurisdiction or its transfer

filed with either the juvenile or district court. Thus, appellant did not comply with the statutorily devised manner by which such issues may be raised.[1]

As for appealing via art. 44.47, the latter specifies that an appeal of a transfer order can be taken "only in conjunction with the appeal of a conviction or of an order of deferred adjudication for the offense for which the defendant was transferred . . . . " *Id.* art. 44.47(b) (West 2006). At first blush, one could read this to mean that an appellant need not appeal non-jurisdictional error concerning such transfers after being granted deferred adjudication; instead, he may wait until he is finally convicted. Such an interpretation of the statute, however, tends to run afoul of analogous precedent from our Court of Criminal Appeals.

For over a decade, non-jurisdictional mistakes arising before issuance of an order deferring the adjudication of guilt had to be appealed immediately after the accused was placed on community supervision; appellant could not wait until the trial court ultimately convicted him to complain of such matters. *Webb v. State,* 20 S.W.3d 834, 836 (Tex. App.–Amarillo 2000, no pet.); *see also Daniels v. State*, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (stating a defendant may raise issues related to his original plea proceeding only in appeals taken when deferred adjudication is first imposed); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (stating the same). Furthermore, non-jurisdictional complaints arising in a proceeding that resulted in deferred adjudication and implicated the standard of abused discretion, *see e.g. Strowenjans v. State,* 919 S.W.2d 142, 145-146 (Tex. App.–Dallas 1996), *set aside on*

---

[1]We further note the observation by our Court of Criminal Appeals that objections implicating the failure to prove due diligence are not jurisdictional. *State v. Rhinehart*, 333 S.W.3d 154, 159 (Tex. Crim. App. 2011).

*other grounds,* 927 S.W.2d 28 (Tex. Crim. App. 1996) (objections to evidence), generally were and are of that ilk. So they must be appealed immediately. We see no logical reason why art. 44.47(b) should be read as jettisoning that rule simply because the accused was initially subject to being tried as a juvenile. Once certified as an adult, the defendant is subjected to other procedures applicable in the prosecution of adults.

Furthermore, the policy underlying *Manuel, Daniels,* and *Webb* fosters the notion that errors should be corrected at their earliest opportunity. If juveniles who commit criminal acts are to be matriculated via different procedures, it would seem appropriate, then, to address complaints regarding the subjection of minors to adult procedures as early as possible.

Finally, reading the statute to comport with *Manuel* and company would be tantamount to reading it as recognizing the realities of current practice. *See Miller v. State,* 33 S.W.3d 257, 260 (Tex. Crim. App. 2000) (holding that courts are to presume that the legislature was aware of current judicial opinions when enacting a statute). That is, certifying a minor to be tried as an adult can lead to either immediate prosecution and conviction or deferred adjudication. If non-jurisdictional complaints arise during a trial resulting in a conviction, they should be appealed immediately after conviction. If they arise in a proceeding that results in a deferred adjudication, they should be immediately appealed at that point. And, that is how art. 44.47(b) is to be interpreted.

The objections asserted here arose before the district court decided to defer the adjudication of appellant's guilt. Thus, objections regarding the expert's conclusion upon which the juvenile court relied in certifying appellant as an adult were susceptible

4

to review once he was placed on deferred adjudication. Furthermore, whether the juvenile court abused its discretion in ruling as it did after considering those conclusions is not jurisdictional in nature. So, the complaint should have been raised and appealed at the earliest opportunity. That was immediately after the district court deferred the adjudication of his guilt and placed appellant on community supervision. Because it was not, we cannot review the matter now.

The issues raised by appellant are overruled, and the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice


Publish.