**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00363-CR**
_____

**EDUARDO LUIS FELIX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. 20,089

**MEMORANDUM OPINION**

Appellant Eduardo Luis Felix appeals from the revocation of his deferred adjudication community supervision and imposition of sentence. In three appellate issues, he contends: (1) the juvenile court abused its discretion by waiving jurisdiction over him and placing him under adult supervision; (2) the trial court erred in denying his request for a record of the juvenile court proceedings; and (3) the trial court abused its discretion in finding a violation of the community supervision order.

1

In 2008, a grand jury issued an indictment accusing Felix of committing an aggravated sexual assault of a child in 2006, when Felix was sixteen years old. Pursuant to a plea bargain agreement, the trial court deferred adjudication of guilt and placed Felix on community supervision. On three occasions the State filed motions to adjudicate guilt. Instead of adjudicating guilt, the trial court modified the terms of the deferred adjudication order. On August 12, 2014, the trial court granted the State's second amended fourth motion to adjudicate, proceeded with adjudication of guilt, and imposed a twenty-five year prison sentence. Felix did not file a written objection to the prosecution of criminal charges in the trial court. *See generally* Tex. Code Crim. Proc. Ann. art. 4.18(a) (West Supp. 2015).

### Transfer from Juvenile Court

In his appeal, Felix contends in issue one that the juvenile court abused its discretion by waiving jurisdiction over Felix and placing him under adult supervision. He argues that the juvenile court exceeded its authority when it waived jurisdiction over Felix and there was insufficient evidence to support a transfer to the criminal court. He suggests an abuse of discretion by the juvenile court in ordering his transfer deprived the trial court of jurisdiction over Felix.

A claim that a district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and has not been waived must be

2

made by written motion in bar of prosecution. Tex. Code Crim. Proc. art. 4.18(a). If a written objection is not timely filed before trial, the trial judge is deprived of the ability to decide the claim, and no issue is preserved for appellate review. *Rushing v. State*, 85 S.W.3d 283, 286 (Tex. Crim. App. 2002) (article 4.18 "prevents a claim from being raised in *any* context if the statute's preservation requirements are not met.").

Furthermore, for transfer orders issued before September 1, 2015, concerning conduct occurring after January 1, 1996, a non-jurisdictional challenge to a transfer order must be made in an appeal from the order deferring adjudication of guilt. *Eyhorn v. State*, 378 S.W.3d 507, 509–10 (Tex. App.—Amarillo 2012, no pet.); *see also* Act of May 27, 1995, 74th Leg. , R.S., ch. 262, § 85, 1995 Tex. Gen. Laws 2517, 2584 (adding Tex. Code. Crim. Proc. art. 44.47), *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 283, § 30, 2003 Tex. Gen. Laws 1221, 1234–35 (amending Tex. Code Crim. Proc. art. 44.47(b)), *repealed by* Act of May 12, 2015, 84th Leg., R.S., ch. 74, § 4, 2015 Tex. Sess. Law Serv. 1065, 1065 (West). Therefore, Felix cannot challenge the juvenile court's transfer order in an appeal following revocation of community supervision and adjudication of guilt. *See Eyhorn*, 378 S.W.3d at 510. We overrule issue one.

## Incomplete Record

In issue two, Felix contends the trial court erred in denying his request to make a supplemental designation of the clerk's record to include documents filed in the juvenile court and suggests the record is incomplete. The records from the juvenile court proceedings are not necessary to the resolution of the appeal because Felix cannot now appeal any issues relating to that proceeding. *See Daniels v. State*, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000); *see also Diamond v. State*, 419 S.W.3d 435, 438 (Tex. App.—Beaumont 2012, no pet.) (concluding that the record from the original plea proceedings is unnecessary to the resolution of an appeal from order adjudicating guilt). We overrule issue two.

## Adjudication of Guilt

In issue three, Felix contends the trial court abused its discretion in finding that Felix violated the terms of the community supervision order. In 2010, the State filed its second motion to adjudicate, alleging that Felix violated several conditions of the community supervision order, including committing the criminal offense of criminal mischief and failing to attend and participate in all treatment and counseling sessions of the sex offender program. Felix was represented by counsel in the proceedings, which resulted in the trial court ordering Felix to an intermediate sanction facility. The trial court also amended the community

4

supervision order to add new conditions, including a condition that "Defendant shall not allow any child under the age of 18 at [his] residence or premises, whether [he is] there or not, unless approved in advance and in writing by [his] Community Corrections Officer." Felix acknowledged his receipt of the modified conditions on the face of the order. The record does not indicate that Felix objected to the condition at the time it was imposed.

In the revocation hearing, Felix objected to this condition because the Penal Code offense of sexual assault defines a child as a person under seventeen years of age. *See generally* Tex. Penal Code Ann. § 22.011(c)(1) (West 2011). Generally, a challenge to a condition of community supervision must be raised in the trial court when the condition is imposed and cannot be challenged for the first time in an appeal from the order adjudicating guilt. *See Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999). It appears that Felix had notice of the condition when it was imposed and failed to make a timely objection to the condition. However, in this appeal, Felix may challenge the propriety of the revocation based upon a violation of the condition. *See Corley v. State*, 782 S.W.2d 859, 860 n.2 (Tex. Crim. App. 1989).

Felix argues that prohibiting him from residing with a seventeen-year-old person is unreasonable and is not "designed to protect or restore the community,

protect or restore the victim, or punish, rehabilitate, or reform the defendant." Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (West Supp. 2015). In an appeal from the revocation of a community supervision order, a defendant may challenge a condition of community supervision if it is "so antithetical to the aims of the justice system as a whole as to be intolerable[.]" *Gutierrez v. State*, 380 S.W.3d 167, 176 (Tex. Crim. App. 2012). Because the decision whether to grant an eligible defendant probation and the judicial determination of appropriate conditions of probation are highly discretionary, "the assessment of a particular condition of community supervision will not ordinarily implicate an absolute feature of the system, not optional with the parties, in the same way that a sentence that is manifestly outside the statutorily applicable range of punishment does." *Id.* at 175.

In *Gutierrez*, the trial court revoked community supervision for the sole reason that the defendant failed to comply with a condition that she obtain legal status or leave the country. *Id.* at 169. Finding the condition invaded a federal prerogative in violation of the Supremacy Clause and violated an explicit and unqualified state constitutional prohibition on banishment, the Court of Criminal Appeals held "a condition of community supervision that effectively operates to deport a probationer violates an absolute prohibition and is therefore not subject to ordinary principles of waiver or procedural default." *Id.* at 176–77. Restricting a

sex offender's freedom to reside with a seventeen-year-old person who is not a member of the probationer's immediate family is not so antithetical to the aims of the justice system as to be an intolerable condition of community supervision.

In a hearing to revoke community supervision, the State satisfies its burden to prove a violation by a preponderance of the evidence if the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). In a revocation proceeding, the trial court is the sole trier of facts, and in that role, it assesses the credibility of witnesses and the weight of the testimony. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). We review the evidence in the light most favorable to the trial court's order. *See id.* One sufficient ground for revocation will provide adequate support for the trial court's order revoking community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

The trial court heard testimony that a seventeen-year-old high school junior lived with Felix and had a sexual relationship with him while Felix was on community supervision. The seventeen-year-old possessed videos that depict him and Felix drinking tequila, as well as Felix in the home with a child family member on the dates of the alleged violations in the State's motion to adjudicate. Felix's

sister testified that they believed that her niece was allowed to be in the home when Felix was present as long as another adult was also present. However, the community supervision order did not contain an exception for children being supervised by adults.

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion in finding that the State proved, by a preponderance of the evidence, that Felix violated at least one of the conditions of his community supervision. We overrule issue three, and we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on July 27, 2015
Opinion Delivered April 13, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

8