# NOS. 12-17-00003-CR
# 12-17-00004-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TYAUS WELLS,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *CRIMINAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *JEFFERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Tyaus Wells appeals from the revocation of his community supervision and imposition of sentence in two cases. He presents three issues on appeal. We affirm.

### BACKGROUND

Appellant was arrested for robbery and aggravated robbery. Because he was under the age of seventeen, the cases were referred to the juvenile court. The State filed a petition for discretionary transfer asking the juvenile court to waive its exclusive jurisdiction for each case and transfer Appellant to district court. The juvenile court granted the State's petitions, waived its jurisdiction, and transferred the cases to the district court.

Appellant was then charged by indictment with second-degree robbery and first-degree aggravated robbery. In a single plea proceeding, Appellant pleaded "guilty" to both charges. The district court found Appellant guilty and sentenced him to confinement for ten years for each offense, to run concurrently. However, the court suspended his sentences and placed Appellant on community supervision for ten years in each case.

On April 14, 2015, the State filed motions to revoke Appellant's community supervision alleging that Appellant violated certain conditions thereof. On November 8, 2016, the district court conducted a hearing on the State's motions. Appellant pleaded "true" to violating several

conditions of his community supervision. The court found the State's allegations to be "true," revoked Appellant's community supervision, and sentenced him to imprisonment for ten years in each case. These appeals followed.

<h2 style="text-align:center">WAIVER OF JUVENILE JURISDICTION</h2>

In his first and second issues, Appellant contends the juvenile court abused its discretion when it granted the State's motion for discretionary transfer.

## Standard of Review and Applicable Law

The transfer of a juvenile offender from a juvenile court to criminal court for prosecution as an adult should be regarded as the exception, not the rule. *Moon v. State*, 451 S.W.3d 28, 36 (Tex. Crim. App. 2014). Therefore, the Texas Juvenile Justice Code allows a juvenile court to waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court only under specific circumstances. TEX. FAM. CODE ANN. § 54.02 (West 2014). As applicable to the facts of this case, a juvenile court "may" waive its jurisdiction and transfer a child to an adult criminal court under the following conditions: (1) the child is alleged to have committed a felony; (2) the child was fourteen years of age or older, if the alleged offense was a first degree felony, and no adjudication hearing has been conducted on that offense; and (3) after a full investigation and hearing, the juvenile court determines that there is probable cause to believe the child committed the offense alleged, and that because of the seriousness of the offense or the background of the child, the welfare of the community requires criminal proceedings. *Id*. § 54.02(a).

In deciding whether to transfer the child, the court must consider, among other matters, (1) whether the alleged offense was against the person or property, with greater weight in favor of transfer given to offenses against the person; (2) the sophistication and maturity of the child; (3) the record and previous history of the child; and (4) the prospects of adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court. *Id*. § 54.02(f). If the court decides to waive its jurisdiction, it must "state specifically its reasons for waiver and certify its action, including the written order and findings of the court." *Id*. § 54.02(h). The order must contain both the juvenile court's reasons for waiving its jurisdiction and the findings of fact that undergird those reasons. *Moon,* 451 S.W.3d at 49.

When reviewing a juvenile court's written order waiving its jurisdiction under section 54.02, an appellate court must perform a two-step analysis. *See id.* at 47. First, the court should review the juvenile court's specific findings of fact regarding the section 52.04(f) factors under "traditional sufficiency of the evidence review." *Id*. Under a legal sufficiency challenge, we credit evidence favorable to the challenged finding and disregard contrary evidence unless a reasonable fact finder could not reject the evidence. *Moon v. State*, 410 S.W.3d 366, 371 (Tex. App.—Houston [1st Dist.] 2013), *aff'd, Moon*, 451 S.W.3d 28. If there is more than a scintilla of evidence to support the finding, the challenge fails. *Id.* Under a factual sufficiency challenge, we consider all of the evidence presented to determine if the court's finding is so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. *Id.* The reviewing court must limit its sufficiency review to the facts that the juvenile court expressly relied upon, as required to be explicitly set out in the transfer order under section 54.02(h). *Moon*, 451 S.W.3d at 50. The appellate court should not have to review the entire record for facts that the juvenile court may have found, given the evidence developed at the transfer hearing, but did not include in its written order. *Id.*

Second, after completing its sufficiency review, the appellate court should consider the juvenile court's ultimate waiver decision under an abuse of discretion standard. *Id.* at 47. In doing so, the court should ask, in light of its own analysis of the sufficiency of the evidence to support the section 54.02(f) factors and any other relevant evidence, whether the juvenile court acted without reference to guiding rules or principles. *Id.* "In other words, was [the juvenile court's] transfer decision essentially arbitrary, given the evidence on which it was based, or did it represent a reasonably principled application of the legislative criteria?" *Id.*

**Analysis**

In his first issue, Appellant contends the juvenile court abused its discretion by failing to state case specific facts in its transfer order. In his second issue, he asserts the transfer order is not supported by legally sufficient evidence. He contends the juvenile court abused its discretion by transferring his case, which in turn deprived the district court of jurisdiction.

A claim that a district court lacks jurisdiction over a person because jurisdiction is exclusively in the juvenile court, and could not have been waived by the juvenile court, must be made by written motion in bar of prosecution. TEX. CODE CRIM. PROC. ANN. art. 4.18(a) (West Supp. 2016). The motion must be filed and presented to the presiding judge of the court before

the plea when the defendant enters a plea of guilty or no contest. *Id*. art. 4.18(b)(1). If a written objection is not timely filed, the trial judge is deprived of the ability to decide the claim and no issue is preserved for appellate review. *Rushing v. State*, 85 S.W.3d 283, 286 (Tex. Crim. App. 2002) (Article 4.18 prevents a claim from being raised in any context if the statute's preservation requirements are not met).

In this case, Appellant pleaded "guilty" to both charges alleged in the indictment. Thus, he was required to file a written objection to the district court's jurisdiction prior to pleading guilty. *See id*.; *see also* TEX. CODE CRIM. PROC. ANN. art. 4.18(a)-(b). The record, however, does not indicate that Appellant filed a written objection before pleading "guilty." Accordingly, he has failed to preserve his contention that the district court lacked jurisdiction. *See Rushing*, 85 S.W.3d at 286; *see also* TEX. CODE CRIM. PROC. ANN. art. 4.18(a)-(b); *Felix v. State*, No. 09-14-00363-CR, 2016 WL 1468931, at *1 (Tex. App.—Beaumont Apr. 13, 2016, pet. ref'd) (mem. op., not designated for publication).

Furthermore, the charged offenses occurred on or about January 13, 2014, and the trial court signed its transfer order in April 2014. For transfer orders issued before September 1, 2015, concerning conduct that occurred after January 1, 1996, a non-jurisdictional challenge to a transfer order must be made in an appeal from the order originally imposing community supervision. *See Burrell v. State*, 492 S.W.2d 482, 483 (Tex. Crim. App. 1973) (validity of original conviction may not be attacked in appeal from order revoking probation); *see also Eyhorn v. State*, 378 S.W.3d 507, 510 (Tex. App.—Amarillo 2012, no pet.) (article 44.47(b) requires non-jurisdictional defects be appealed at earliest point); *see also* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 85, 1995 Tex. Gen. Laws 2517, 2584 (adding TEX. CODE. CRIM. PROC. art. 44.47), *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 283, § 30, 2003 Tex. Gen. Laws 1221, 1234–35 (amending TEX. CODE CRIM. PROC. art. 44.47(b)), *repealed by* Act of May 12, 2015, 84th Leg., R.S., ch. 74, § 4, 2015 Tex. Sess. Law Serv. 1065, 1065 (West). Thus, Appellant cannot challenge any non-jurisdictional defects regarding the juvenile court's transfer order in an appeal following revocation of community supervision. *See Burrell*, 492, S.W.2d at 483; *see also Eyhorn*, 378 S.W.3d at 510; *Felix*, 2016 WL 1468931, at *1 (holding that the following complaints could not be presented after revocation of community supervision: that juvenile court abused its discretion and exceeded its authority by waiving jurisdiction,

insufficient evidence supported a transfer to the criminal court, and juvenile court's abuse of discretion in ordering transfer deprived criminal court of jurisdiction).

Nevertheless, Appellant maintains that his complaint is appealable under the "void judgment exception," which "recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question." *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *see **Donovan v. State***, 232 S.W.3d 192, 195 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A judgment of conviction is void when (1) the purported charging instrument fails to "satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived." *Nix*, 65 S.W.3d at 668. "To the extent that a 'void judgment' claim might be possible under *Nix,* it would be only as an attack on the original plea proceedings imposing deferred adjudication, not on a trial court's jurisdiction to adjudicate based upon subsequent events." *Davis v. State*, 195 S.W.3d 708, 712 (Tex. Crim. App. 2006).

In this case, Appellant contends that the indictment is "void because of a defective certification process." According to Appellant,

> [T]here was a defect in the first step in his case, i.e. that the order transferring jurisdiction was deficient in that it did not state specific facts regarding Appellant, the offenses and his background, resulting in insufficient evidence to support the transfer of jurisdiction to criminal court, the juvenile court abused its discretion in certifying Appellant to stand trial as an adult, resulting in the indictment being void in this case.

Appellant does not argue that the indictment is void for failure to satisfy constitutional requirements. *See **Teal v. State***, 230 S.W.3d 172, 181 (Tex. Crim. App. 2007) (indictment satisfies constitutional requirements when it (1) accuses a person of a crime with sufficient clarity and specificity to identify the applicable penal statute, even if the instrument is otherwise defective, and (2) the district court and the defendant can determine, from the face of the indictment, that the indictment intends to charge a felony or other offense for which a district court has jurisdiction). Nor does he contend that the district court lacked subject matter

jurisdiction over the particular offenses charged, or that there is insufficient evidence to support the conviction. Thus, his complaint does not fall within the categories of void judgments to which *Nix* applies. *See Nix*, 65 S.W.3d at 668. Accordingly, for all of the above reasons, we overrule Appellant's first and second issues.

**COURT COSTS**

In his third issue, Appellant contends the trial court erroneously assessed court costs against him in the robbery case. He argues, and the State concedes, that because the robbery charge was tried in the same criminal action as the aggravated robbery charge, court costs should only be assessed in the aggravated robbery case.

When a defendant is convicted of two or more offenses in a single criminal action, the court may assess each court cost or fee only once against the defendant. TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West Supp. 2016). When the offenses are of different categories, the court costs and fees should be assessed based on the higher category of offense. *Id.* art. 102.073(b).

Appellant was convicted of both robbery, a second degree felony, and aggravated robbery, a first degree felony, in the same criminal action. *See **Hurlburt v. State***, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.) (single criminal action interpreted as allegations and evidence of more than one offense presented in a single trial or plea proceeding). Because aggravated robbery is a higher category of offense, only the court costs for that offense should be assessed against Appellant. The trial court ordered Appellant to pay court costs of $683 in both the robbery and aggravated robbery cases. Accordingly, the costs should have been assessed in only the aggravated robbery case. *Id.*

We have the authority to modify the judgment to make the record speak the truth when we have the necessary data and information to do so. ***Ingram v. State***, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); ***Davis v. State***, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd). Texas Rule of Appellate Procedure 43.2 expressly authorizes an appellate court to modify the trial court's judgment. TEX. R. APP. P. 43.2(b). Accordingly, because we have the necessary information, we modify the judgment in trial court cause number 14-19411 to delete the costs assessed in the amount of $683. *See id.*; ***Cates v. State***, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding where trial court erroneously includes certain amounts as court

6

costs in judgment, appeals court should modify judgment to delete erroneous amount). We sustain Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we affirm Appellant's convictions. Having sustained Appellant's third issue, we *modify* the judgment of the trial court in cause number 14-19411 to delete the assessment of $683 in costs and *affirm* the judgment as modified.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-17-00003-CR**

**TYAUS WELLS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the Criminal District Court

of Jefferson County, Texas (Tr.Ct.No. 14-19411)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to delete the assessment of $683 in costs; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-17-00004-CR**

**TYAUS WELLS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the Criminal District Court

of Jefferson County, Texas (Tr.Ct.No. 14-19412)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*