**In cause nos. 05-16-01341-CR and 05-16-01342-CR, judgment vacated, cause dismissed; In cause no. 05-16-01343-CR, Affirmed as modified; Opinion Filed July 31, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-16-01341-CR**
**No. 05-16-01342-CR**
**No. 05-16-01343-CR**

**JORDAN DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-15543-Q, F14-15544-Q & F15-45428-Q**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

Jordan Davis appeals his convictions for aggravated sexual assault and aggravated robbery. In the aggravated sexual assault cases, appellant contends that the judgments adjudicating guilt are void due to a deficient transfer order from juvenile district court to adult felony district court.[1] He also contends that the judgments improperly included a fine. In both the sexual assault and robbery cases, appellant contends that his guilty plea was involuntary as a result of ineffective assistance of counsel and that court costs were improperly included in all three judgments. For the

---

[1] In his first issue on appeal, appellant claimed that the district court lacked jurisdiction because the record did not contain proof of personal service. *See* TEX. FAM. CODE ANN. § 53.06 (West 2014). After the briefs were filed, a supplemental clerk's record was filed containing proof of service. During oral argument, appellant conceded that the record showed that appellant was properly served. Appellant's first issue is moot.

reasons that follow, we reverse the judgment in the aggravated sexual assault cases. In the aggravated robbery case, we modify the trial court's judgment and affirm the conviction.

## BACKGROUND

In April, 2014, when appellant was sixteen, the State filed a petition for discretionary transfer in a Dallas County juvenile court which alleged that appellant engaged in delinquent conduct by committing two separate offenses of aggravated sexual assault. Pursuant to the State's petition, the juvenile court waived its jurisdiction and transferred the matter to criminal district court. *See* TEX. FAM. CODE ANN. § 54.02 (West 2014).

Appellant was subsequently indicted for two separate offenses of aggravated sexual assault in cause numbers F14-15543-Q and F14-15544-Q. When appellant was seventeen, he was also indicted for aggravated robbery in cause number F15-45428-Q.

In November, 2015, pursuant to a plea bargain agreement, appellant pled guilty to all three offenses and was placed on deferred community supervision for a period of ten years. In February, 2016, the State filed a motion to revoke appellant's community supervision or proceed with an adjudication of guilt in all three cases. After a hearing, the trial court granted the State's motion,[2] found appellant guilty as charged in each indictment, and sentenced him to twenty years' imprisonment in all three cases. In the aggravated robbery case, the trial court also made a deadly weapon finding. This appeal followed.

## ANALYSIS

### I. The transfer order.

In his second issue, appellant contends that the judgments adjudicating guilt in the aggravated sexual assault cases are void because the district court never properly acquired jurisdiction. Appellant argues that under *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014),

---

[2] The State filed amended motions in June and August, 2016.

the juvenile court abused its discretion by waiving jurisdiction without making adequate case-specific findings in the transfer order.  The State argues that under former article 44.47(b) of the Code of Criminal Procedure, this Court lacks jurisdiction to hear appellant's complaint about the juvenile transfer because he did not raise his challenge when the trial court entered its order of deferred adjudication.  Secondly, the State cites article 4.18 of the Code of Criminal Procedure and argues that the issue has not been properly preserved for review.  Lastly, the State argues that the transfer order was sufficient.  We are not persuaded by the State's arguments and conclude that under the holding in *Moon,* the juvenile court abused its discretion by failing to include case-specific findings in the order waiving jurisdiction.

### A.      Article 44.47.

Appellant's appeal of the transfer order is governed by former article 44.47 of the Code of Criminal Procedure.  Article 44.47 provided in relevant part:

> (a) A defendant may appeal an order of a juvenile court certifying the defendant to stand trial as an adult and transferring the defendant to a criminal court under Section 54.02, Family Code.

> (b) A defendant may appeal a transfer under Subsection (a) only in conjunction with the appeal of a conviction of <u>or</u> an order of deferred adjudication for the offense for which the defendant was transferred to criminal court.

Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 85, 1995 Tex. Gen. Laws 2517, 2584 (adding Tex. Code Crim. Proc. art. 44.47), *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 283, § 30, 2003 Tex. Gen. Laws 1221, 1234–35 (amending Tex. Code Crim. Proc. Ann. art. 44.47(b)), *repealed by* Act of May 12, 2015, 84th Leg., R.S., ch. 74, §§ 4–6, 2015 Tex. Gen. Laws 1065, 1066 (emphasis added).[3]  The statute uses the disjunctive "or" and by its plain language, provides,

---

[3] Article 44.47 of the Code of Criminal Procedure was repealed by the Legislature effective September 1, 2015. In repealing the article, the Legislature stated that a juvenile court order waiving jurisdiction and transferring a child to criminal court issued before the effective date of this Act was governed by the law in effect on the date the order was issued.  Act of May 12, 2015, 84th Leg., R.S., ch. 74, §§ 4–6, 2015 Tex. Gen. Laws 1065, 1066.  Appellant's transfer order was issued on September 24, 2014.

without limitation, two options for when a defendant can challenge a juvenile transfer: when appealing *either* a conviction *or* an order of deferred adjudication. *See Bell v. State*, No. 01-15-00510-CR, 2018 WL 3150851, at *2 (Tex. App.—Houston [1st. Dist.] June 28, 2018) (not yet reported); *see also State* v. *Lopez,* 196 S.W.3d 872, 875 (Tex. App.—Dallas 2006, pet. ref'd) (noting article 44.47(b) does not allow juvenile to appeal transfer order until after he is either convicted or receives deferred adjudication for offense in criminal court).

The State relies on *Wells v. State,* No. 12-17-00003-CR, 2017 WL 3405317 (Tex. App.—Tyler Aug. 9, 2017, no pet.) (mem. op., not designated for publication) and *Eyhorn v. State,* 378 S.W.3d 507 (Tex. App.—Amarillo 2012, no pet.) to support its argument that appellant was required to challenge the transfer order in an appeal from the order originally imposing community supervision and urges this Court to follow the holding in *Wells* "because the procedural facts in both cases are nearly identical." The court in *Wells* held that "for transfer orders issued before September 1, 2015, concerning conduct occurring after January 1, 1996, a non-jurisdictional challenge to a transfer order must be made in an appeal from the order deferring adjudication of guilt" and cited to both *Eyhorn,* 378 S.W.3d at 510, and *Felix v. State,* No. 09-14-00363-CR, 2016 WL 1468931, at *1 (Tex. App.—Beaumont Apr. 13, 2016, pet. ref'd) (mem. op., not designated for publication). *Wells,* 2017 WL 3405317 at *2. The State's reliance on these cases is misplaced as the courts' holdings are based on a faulty premise. As pointed out in *Bell*, the court of appeals in *Eyhorn* noted the general, well-established rule in criminal cases that non-jurisdictional complaints that arise before an order of deferred adjudication must be raised on appeal of that order or are waived, and then stated, "We see no logical reason why art. 44.47(b) should be read as jettisoning that rule simply because the accused was initially subject to being tried as a juvenile." *Bell*, 2018 WL 3150851, at *3. Like the court in *Bell,* we too must disagree with the reasoning in *Eyhorn* and the cases that follow it. The statutory text of article 44.47 provides a defendant the

right to challenge a transfer on appeal of a conviction "or" an order of deferred adjudication. The Legislature could have limited the ability to appeal in conformance with this background principle but it did not do so. *Id.*

In this case, appellant appealed the transfer order when appealing his convictions. Therefore, we have jurisdiction over the appeal.

**B.     Article 4.18.**

The State also argues that even if we have jurisdiction to address appellant's complaint, appellant has failed to properly preserve the issue under article 4.18 of the Code of Criminal Procedure. We disagree.

Article 4.18 provides:

> A claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court could not waive jurisdiction under Section 8.07(a), Penal Code, or did not waive jurisdiction under Section 8.07(b), Penal Code, must be made by written motion in bar of prosecution filed with the court in which criminal charges against the person are filed.

TEX. CODE CRIM. PROC. ANN. art. 4.18(a) (West Supp. 2017). The text of the statute indicates that article 4.18 applies in only two scenarios: (1) when a party asserts that the district court lacks jurisdiction because the juvenile court could not waive jurisdiction because the defendant was under 15 (and the case did not involve certain enumerated offenses), or (2) when the party asserts that the district court lacks jurisdiction because the juvenile court did not waive jurisdiction and the person is under 17. TEX. PENAL CODE ANN. § 8.07(a), (b) (West Supp. 2017);[4] *see also Bell*, 2018 WL 3150851, at *4. Moreover, by its own terms, article 4.18 does not apply "to a claim of a defect or error in a discretionary transfer proceeding in juvenile court." TEX. CODE CRIM. PROC.

_____

[4] Section 8.07 of the penal code states that (a) "[a] person may not be prosecuted for or convicted of any offense that the person committed when younger than 15 years of age except" for certain offenses and that, (b) "[u]less the juvenile court waives jurisdiction under Section 54.02, Family Code . . . a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age except an offense described by Subsections (a)(1)–(5)."

–5–

ANN. art. 4.18(g). Act of June 19, 1999, 76th Leg., R.S., ch. 1477, § 28, 1999 Tex. Gen. Laws 5067, 5088 *amended by* Act of May 22, 2015, 84th Leg., R.S., ch. 74, § 1, 2015 Tex. Gen. Laws 1065; *see also Bell*, 2018 WL 3150851, at *3.

Appellant does not argue that he was under fifteen and thus could not be tried as an adult or that he was under seventeen and no juvenile court waived jurisdiction over him. Instead, appellant argues that the juvenile court waived jurisdiction but abused its discretion by doing so and transferring the case to district court without making adequate case-specific findings in the transfer order. The plain language of article 4.18 makes it inapplicable to these facts. S*ee Bell*, 2018 WL 3150851, at *4; *see also Delacerda v. State,* 425 S.W.3d 367, 379 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (article 4.18 did not apply where defendant did not raise challenge based on section 8.07(a) or (b) of the penal code).

We conclude that appellant did not waive his contention that jurisdiction remained in the juvenile court under article 4.18 by failing to object to the transfer to the district court before he entered his guilty plea.

### C. Adequacy of findings in the transfer order.

Under section 54.02 of the Juvenile Justice Code, a juvenile court may waive its exclusive original jurisdiction and transfer a child to adult criminal court if it finds that the child was alleged to have committed a felony; he was fourteen years old or older at the time he committed the alleged offense; after a full investigation and a hearing, there was probable cause to believe the child committed the alleged offense; and the welfare of the community requires criminal proceedings because of the alleged offense's seriousness or the child's background. *See* TEX. FAM. CODE ANN. § 54.02(a)(1)–(3) (West 2014).

In making the determination required in subsection (a), the juvenile court must consider: (1) whether the alleged offense was against person or property, with greater weight in favor of

transfer given to offenses against the person; (2) the sophistication and maturity of the child; (3) the record and previous history of the child; and (4) the prospects of adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court. *See id*. § 54.02(f). The juvenile court must consider all four factors under section 54.02(f), but it need not find that all four factors favor transfer when exercising its discretion to waive jurisdiction. *Moon,* 451 S.W.3d at 41. If the juvenile court waives jurisdiction, it must state specifically in the order its reasons for waiver. *See id*. § 54.02(h).

In *Moon v. State*, the Court of Criminal Appeals clarified the standard of appellate review applicable in an appeal from a juvenile court's transfer order. 451 S.W.3d 28, 44–48. The Court also addressed the specificity required in a juvenile court's transfer order, and emphasized that, as required by section 54.02(h), if the juvenile court waives jurisdiction, it must "state specifically" in its order its reasons for waiver:

> Section 54.02(h) obviously contemplates that both the juvenile court's reasons for waiving its jurisdiction and the findings of fact that undergird those reasons should appear in the transfer order. In this way the Legislature has required that, in order to justify the broad discretion invested in the juvenile court, that court should take pains to "show its work," as it were, by spreading its deliberative process on the record, thereby providing a sure-footed and definite basis from which an appellate court can determine that its decision was in fact appropriately guided by the statutory criteria, principled, and reasonable—in short, that it is a decision demonstrably deserving of appellate imprimatur even if the appellate court might have reached a different result. This legislative purpose is not well served by a transfer order so lacking in specifics that the appellate court is forced to speculate as to the juvenile court's reasons for finding transfer to be appropriate or the facts the juvenile court found to substantiate those reasons. Section 54.02(h) requires the juvenile court to do the heavy lifting in this process if it expects its discretionary judgment to be ratified on appeal. By the same token, the juvenile court that shows its work should rarely be reversed.
>
> Given this legislative regime, we think it only fitting that a reviewing court should measure sufficiency of the evidence to support the juvenile court's stated reasons for transfer by considering the sufficiency of the evidence to support the facts as they are expressly found by the juvenile court in its certified order. The appellate court should not be made to rummage through the record for facts that the juvenile court might have found, given the evidence developed at the transfer hearing, but did not include in its written transfer order. We therefore hold that, in

–7–

conducting a review of the sufficiency of the evidence to establish the facts relevant to the Section 54.02(f) factors and any other relevant historical facts, which are meant to inform the juvenile court's discretion whether the seriousness of the offense alleged or the background of the juvenile warrants transfer for the welfare of the community, *the appellate court must limit its sufficiency review to the facts that the juvenile court expressly relied upon*, as required to be explicitly set out in the juvenile transfer order under Section 54.02(h).

*Id.* at 49–50 (emphasis added). In *Moon*, the only reason stated in the juvenile court's order to justify waiver was that the offense charged was a serious one, and the only fact specified was that the alleged offense was against the person of another. *Id.* at 50.[5] The Court concluded that the juvenile court did not "show its work" and "that waiver of juvenile jurisdiction based on this particular reason, fortified by only this fact, constitutes an abuse of discretion." *Id.* The Court also determined that the juvenile court's other conclusory factual findings—regarding the child's maturity and the dim prospect of protection and rehabilitation in the juvenile system—were superfluous. *Id.* at 51. Although those findings would have been relevant to support transfer based on the defendant's background, the juvenile court did not cite the defendant's background as a reason for transfer in the written order. *Id.* at 50–51.

The transfer order in this case suffers from the same defects identified in the order found deficient in *Moon*. The order states the following:

> The Court finds that the Respondent is charged with violating penal laws of the grade of felony. The Court finds that the Respondent was at least 14 years of age but less than 17 years of age at the time he is alleged to have committed the offense.

---

[5] Specifically, in *Moon*, the juvenile court found that "because of the seriousness of the OFFENSE, the welfare of the community requires criminal proceeding." The juvenile court noted that, in making that determination, it had considered the four factors enumerated in section 54.02(f), among other matters, and concluded as follows:

> The Court specifically finds that the said **Cameron Moon** is of sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional rights heretofore waived by the said **Cameron Moon**, to have aided in the preparation of HIS defense and to be responsible for HIS conduct; that the OFFENSE allege[d] to have been committed WAS against the person of another; and the evidence and reports heretofore presented to the court demonstrate to the court that there is little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of the said **Cameron Moon** by use of procedures, services, and facilities currently available to the Juvenile Court.

*Moon v. State,* 410 S.W.3d 366, 372 (Tex. App.—Houston [1st. Dist.] 2013), *aff'd,* 451 S.W.3d 28 (Tex. Crim. App. 2014).

The Court finds that no adjudication hearing has been conducted concerning the alleged offense. The Court finds that there is probable cause to believe that the Respondent before the Court committed the offenses alleged. The Court finds that the welfare of the community, the seriousness of the offenses and the background of the Respondent require criminal proceedings.

The Court further finds that the Respondent is of sufficient sophistication and maturity to be tried as an adult. The Court specifically finds that the Respondent is of sufficient sophistication and maturity as to be able to aid an attorney in his defense.

The Court, after considering all the testimony, the diagnostic study, social evaluation, and full investigation, finds that it is contrary to the best interests of the public to retain jurisdiction.

The reasons for this disposition are that: the Respondent is charged with violating penal laws of the grade of felony; the Respondent was at least 14 years of age but less than 17 years of age when he is alleged to have committed said offenses; no adjudication hearing has been conducted concerning the alleged offenses; there is probable cause to believe that the Respondent before the Court committed the offense alleged; and the welfare of the community, the seriousness of the offenses, and the background of the Respondent require criminal proceedings.

In this order, the juvenile court did nothing more than make conclusory statements reciting the statutory language setting forth the criteria applicable to a transfer determination. The order identifies two reasons for waiver, seriousness of the offense and appellant's background, to support its conclusion that the welfare of the community requires criminal proceedings. As for the seriousness of the offense, the order makes no findings about the specifics of the alleged offense that would provide a reviewing court a basis for deference regarding the juvenile court's conclusion that the welfare of the community required criminal proceedings because of the seriousness of the offense. *See Bell v. State,* 512 S.W.3d 553, 557–58 (Tex. App.—Houston [1st. Dist.] 2016, *adopted on remand*, 2018 WL 3150851, at *5) (order deficient because it lacked case-specific findings regarding seriousness of offense); *Guerrero v. State,* 471 S.W.3d 1, 4 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (same); *Taylor v. State,* No. 14-16-00583-CR, 2018 WL 2306740, at *4 (Tex. App.—Houston [14th Dist.] May 22, 2018, no pet. h.) (not yet reported) (same); *In the Matter of J.G.S.,* No. 03-16-00556-CV, 2017 WL 672460, at *4 (Tex. App.—Austin

Feb. 17, 2017, no pet.) (mem. op., not designated for publication) (same); *Yado v. State,* No. 01-14-00578-CR, 2015 WL 3982045, at *2 (Tex. App..—Houston [1st Dist.] June 30, 2015, no pet.) (mem. op., not designated for publication) (same); *cf. In the Matter of K.M.D.,* No. 05-17-01284-CV, 2018 WL 3238142 (Tex. App.—Dallas July 3, 2018, no pet. h.) (order provided specific facts about the nature of the offense and the child's conduct during the offense, as well as specific facts about the child's background).

Turning to the second cited reason, appellant's background, the order again fails to provide case-specific findings of fact that support transfer on that basis. The order does not include specific findings regarding appellant's record and previous history or appellant's sophistication and maturity. *See In the Matter of R.X.W.,* No. 12-16-00197-CV, 2016 WL 6996592, at *3 (Tex. App.—Tyler Nov. 30, 2016, no pet.) (not yet reported) (order deficient because it lacked case-specific findings regarding the child's record and previous history); *see also In the Matter of J.G.S.,* 2017 WL 672460, at *4–5 (finding that sophistication and maturity is normal as compared to other juveniles of his age and that he possesses the cognitive abilities and academic skills to understand court proceedings and participate in his own defense insufficient to support transfer on basis of child's background).

We conclude the transfer order in this case fails to provide the case-specific findings of fact necessary to permit a reviewing court to determine whether the court properly applied the criteria applicable to a transfer determination as required under *Moon.* Therefore, *Moon* compels us to conclude that the juvenile court abused its discretion by failing to make case-specific findings when waiving its jurisdiction and sustain appellant's second issue.

## II. The guilty plea.

In appellant's third issue, he contends that his guilty plea in these cases was involuntary as a result of ineffective assistance of counsel. Specifically, appellant claims that because counsel

failed to fully investigate and discover the lack of jurisdiction, "Appellant did and could not have understood what his trial attorneys had not investigated and uncovered. . . . [H]ad Appellant understood that the trial court lacked jurisdiction over his sexual assault cases he would not have entered a bundled plea, but rather would have gone to trial." Because we have found that the juvenile court abused its discretion in waiving its jurisdiction over the aggravated sexual assault cases, we address appellant's claim only as it pertains to his guilty plea in the aggravated robbery case.

To prevail on an ineffective assistance of counsel claim, appellant must establish both that his trial counsel performed deficiently and that the deficiency prejudiced him. *State v. Morales,* 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). With respect to the first prong, the record on appeal must be sufficiently developed to overcome the strong presumption of reasonable assistance. *See Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Absent an opportunity for trial counsel to explain his actions, we will not conclude his representation was deficient "unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Texas procedure makes it "'virtually impossible' " for appellate counsel to present an adequate ineffective assistance claim on direct review. *See Trevino v. Thaler,* 133 S. Ct. 1911, 1918 (2013) (quoting *Robinson v. State,* 16 S.W.3d 808, 810–11 (Tex. Crim. App. 2000)). This is because the inherent nature of most ineffective assistance claims means that the trial court record "will often fail to 'contai[n] the information necessary to substantiate' the claim." *Id.* (quoting *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (en banc)). As a result, the better procedural mechanism for pursuing a claim of ineffective assistance is almost always through writ of habeas corpus proceedings. *Freeman v. State,* 125 S.W.3d 505, 506 (Tex. Crim. App. 2003).

When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, "the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ex parte Harrington,* 310 S.W.3d 452, 458 (Tex. Crim. App. 2010) (citing *Ex parte Moody,* 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999) (quoting *Ex Parte Morrow,* 952 S.W.2d 530, 536 (Tex. Crim. App.1997)).

Appellant failed to file a motion for new trial asserting his counsel's ineffective assistance and the facts surrounding appellant's entry of his plea. Because appellant's assertions are wholly unsupported by the record, we overrule appellant's third issue.

## III. Modification of Judgment

The trial court's judgment adjudicating guilt in the aggravated robbery case reflects that the date of the original community supervision order is "11/16/2016" and that appellant pleaded "True" to the motion to adjudicate. However, the record reflects that the date of the original community supervision order is November 16, 2015 and that appellant pleaded "not true" to the motion. Accordingly, we modify the section titled "Date of Original Community Supervision Order" in the judgment to state "11/16/2015," and the section titled "Plea to Motion to Adjudicate" to state "Not True." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd.).

### CONCLUSION

We conclude that the juvenile court abused its discretion by failing to make case-specific findings when waiving its jurisdiction and transferring appellant to the criminal district court for criminal proceedings in the aggravated sexual assault cases. Because of the juvenile court's error, the criminal district court lacked jurisdiction over appellant's cases. We therefore vacate the

–12–

judgments of the criminal district court in cause numbers F14-15543-Q and F14-15544-Q and dismiss the cases in that court. The cases remain pending in the juvenile court.[6] Accordingly, we need not reach appellant's fourth and fifth issues challenging the inclusion of fines and court costs[7] in the judgments adjudicating guilt.

We modify the trial court's judgment in cause number F15-45428-Q to reflect the date of the original community supervision order as November 16, 2015 and that appellant pleaded "not true" to the motion to adjudicate. As modified, we affirm the judgment.


/David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
161341F.U05

---

[6] *See Moon v. State*, 410 S.W.3d 366, 378 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28 (Tex. Crim. App. 2014) ("We therefore vacate the district court's judgment and dismiss the case. The case remains pending in the juvenile court.").

[7] The record reflects that court costs were in included in all three judgments. On appeal, appellant argued that article 102.073 of the code of criminal procedure prohibits the assessment of court costs in more than one case when a defendant has been convicted of two or more offenses in a single criminal action. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073 (West 2018). Thus, appellant contended that the judgments for the sexual assault conviction in cause number F14-15544-Q and the aggravated robbery conviction in cause number F15-45428-Q should be modified to delete the costs. In its brief, the State conceded error. However, because we have vacated the judgments in both cause number F14-15543-Q and F14-15544-Q, the issue has been rendered moot. Appellant did not challenge the amount of the costs assessed in the aggravated robbery case.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JORDAN DAVIS, Appellant

No. 05-16-01341-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-15543-Q.
Opinion delivered by Justice Evans, Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **VACATED** and the cause **DISMISSED**.

Judgment entered this 31st day of July, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JORDAN DAVIS, Appellant

No. 05-16-01342-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-15544-Q.
Opinion delivered by Justice Evans, Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **VACATED** and the cause **DISMISSED**.

Judgment entered this 31st day of July, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JORDAN DAVIS, Appellant

No. 05-16-01343-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-45428-Q.
Opinion delivered by Justice Evans, Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The Section entitled "Date of Original Community Supervision Order" is modified to state "11/16/2015."

The Section entitled "Plea to Motion to Adjudicate" is modified to state "Not True."

As **REFORMED**, the judgment is **AFFIRMED.**

Judgment entered this 31st day of July, 2018.